**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

_____

|  |  |
|---|---|
| **HANEEF SALAAM** ) | |
| ) | **CIVIL ACTION** |
| **Plaintiff,** ) | |
| ) | **No. _____** |
| **v.** ) | |
| ) | |
| **CITY OF WILMINGTON,** ) | |
| ) | |
| **CITYFEST, INC.,** ) | |
| ) | |
| **TINA BETZ,** IN HER INDIVIDUAL ) | |
| CAPACITY AND HER OFFICIAL ) | |
| CAPACITY AS DIRECTOR, ) | |
| WILMINGTON OFFICE OF CULTURAL ) | |
| AFFAIRS, ) | |
| ) | |
| **LATTISHA WILLIAMS,** IN HER ) | |
| INDIVIDUAL CAPACITY AND HER ) | |
| OFFICIAL CAPACITY AS PROGRAMS ) | |
| ASSISTANT, WILMINGTON OFFICE ) | |
| OF CULTURAL AFFAIRS**,** and ) | |
| ) | |
| **WILFREDO CAMPOS,** IN HIS ) | |
| CAPACITY AS CHIEF OF POLICE, ) | |
| WILMINGTON POLICE DEPARTMENT ) | |
| ) | |
| **Defendants.** ) | |

_____ )

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

## PRELIMINARY STATEMENT

1.  Plaintiff Haneef Salaam challenges Defendants' restrictions on his First Amendment protected speech and public appearances. Mr. Salaam seeks declaratory and injunctive relief under 42 U.S.C. § 1983.

2.  In 2023 Mr. Salaam submitted a proposal to the City of Wilmington ("Wilmington" or the "City") to organize and sponsor a public event – "Positive Vibes in the Park" – as part of the City's 2024 "CityFest" programing. The events were scheduled at the Urban Artist Exchange Amphitheater ("UAE"), a property owned and managed by the City, and were to feature local musicians, artists, and food vendors from March through September 2024. The March through July events proceeded as planned in the open-air art space with music, food, and storytelling.[1]

3.  The August event was planned to feature musical performances and storytelling that included critiques of police violence. In addition to performances

---

[1] See video highlights from the first four "Positive Vibes in the Park" events:
https://www.youtube.com/watch?v=R_-aqoczBNY&list=PLstp37KGZH9J2Eifnc1G6VJyVdohaDCt7&index=5;
https://www.youtube.com/watch?v=sjSQbV2eVy8&list=PLstp37KGZH9J2Eifnc1G6VJyVdohaDCt7&index=3;
https://www.youtube.com/watch?v=oWjl72p1zJA&list=PLstp37KGZH9J2Eifnc1G6VJyVdohaDCt7&index=2;
https://www.youtube.com/watch?v=Hre7xWheKuc&list=PLstp37KGZH9J2Eifnc1G6VJyVdohaDCt7&index=1.

from Mr. Salaam and other local musicians, Mr. Salaam scheduled speeches from women whose family members were killed by the police. The phrase "Justice for All" was part of the promotional efforts on social media.

4.  Two days before the August event, Defendants, for the first time, imposed content-based restrictions on Mr. Salaam which required him to adhere to the following conditions: no speeches about police violence, no use of the slogan "Justice for All" in promoting the event, no chanting, and no signs.

5.  Faced with unconstitutional content-based restrictions, Mr. Salaam relocated the event scheduled at the UAE to a public library in another municipality. The Defendants' suppression of Mr. Salaam's First Amendment rights harmed him by conditioning his public speech and association in Wilmington, the community in which Mr. Salaam lives, performs, and wants to convey his message.

## PARTIES

6.  Plaintiff Haneef Salaam resides in Wilmington, Delaware.

7.  Defendant Wilmington is a municipality in the state of Delaware that owns, manages, controls, and directs the UAE.

8.  Defendant CityFest, Inc. ("CityFest") is a 501(c)(3) tax-exempt corporation staffed by the Mayor's Office of Cultural Affairs. CityFest was the host of the Positive Vibes in the Park events.  CityFest acted under color of state law as it is staffed and operated by the Mayor's Office of Cultural Affairs.

3

9.  Defendant Lattisha Williams is the Wilmington Office of Cultural Affairs Programs Assistant who manages the operations of the UAE and CityFest. She is sued in her official and individual capacities.

10. Defendant Tina Betz is the Director of Wilmington's Office of Cultural Affairs, the City office that manages the UAE and CityFest. She is sued in her official and individual capacities.

11. Defendant Wilfredo Campos is the Chief of Police of the Wilmington Police Department, the agency that pressured the City to cancel the event. He is sued in his official capacity.

12. At all relevant times, all Defendants acted under the color of state law.

## JURISDICTION AND VENUE

13. This Court has jurisdiction over the subject matter of this Complaint under 42 U.S.C. § 1983 and 28 U.S.C. §§ 1331, 1343(a)(3), and 1343(a)(4) because this case involves a federal question pertaining to the United States Constitution.

14. This Court is the proper venue pursuant to 28 U.S.C. § 1391(b) because all the defendants reside in this District and the events giving rise to the claims occurred in this District.

## STATEMENT OF FACTS

15. Mr. Salaam is a storyteller, musician, and entrepreneur. He has engaged in community organizing and hosted public events with several Wilmington

organizations. These public events, including Positive Vibes in the Park, showcase his art and provide platforms for other Wilmington artists.

16. The UAE is a public forum. It is an outdoor public space owned and managed by the City. CityFest's website describes the "UAE Amphitheater" as "open and accessible to all[.]"[2] To construct the UAE, the City "[c]onvert[ed] abandoned police horse stables into artists' studios, [a] group exhibition area, and [a] gathering space for community arts education and programming."[3]

17. In January 2024, the Defendants approved all the Positive Vibes in the Park events for presentation at the UAE City-managed property to take place monthly from March through September 2024, with confirmation by email from Defendant Williams to Mr. Salaam.

18. Mr. Salaam hosted Positive Vibes in the Park events each month from March through July 2024, and he was scheduled to host the last two events on August 23rd and September 27th.[4] The city did not impose any content-based restrictions on the March-July events or on Mr. Salaam's participation or presentations.

19. For the August 23rd event, like prior events, Mr. Salaam planned to showcase local musicians, artists, and food vendors, and also include speeches from women whose family members were killed by the police.

---

[2] https://cityfestwilm.com/uae-amphitheater.
[3] https://cityfestwilm.com/uae-amphitheater.
[4] https://www.wilmingtonde.gov/Home/Components/News/News/6831/225.

5

20. Mr. Salaam and other participants used the phrase "Justice for All" in promoting the event on social media.

21. On August 19, 2024, just four days before the event was scheduled to take place, Wilmington Police Department ("WPD") Detective Danielle Farrell of the Department's Real Time Crime Center sent an email to various WPD officers about the event.[5] Detective Farrell's email stated that the event was a "rally" that was being hosted by somebody associated with the ACLU.[6] She noted that "pro-Palestine groups" were circulating the event on social media. She then stated that the event would be monitored.

22. WPD Lieutenant Arthur J. Gillem then forwarded the email to the Office of the Mayor, Cultural Affairs to ask if anybody was aware of the event.

23. After some internal confusion in the Office, Defendant Williams responded via email on August 21, 2024, just two days before the event. She stated that the event was supposed to be the monthly Positive Vibes in the Park event. She stated that she felt "uneasy" about the event, and so she "called Haneef with her

---

[5] https://spotlightdelaware.org/2024/11/13/emails-wilmington-pd-rally/?utm_source=ActiveCampaign&utm_medium=email&utm_content=%F0%9F%91%AE%20Emails%3A%20Wilmington%20PD%20pressed%20to%20end%20rally%3B%20Resident%20raises%20mold%20concern%20at%20Hope%20Center&utm_campaign=11%2013%2024%20Newsletter

[6] Mr. Salaam is a former employee of the ACLU-DE. However, Mr. Salaam is not presently an employee of the ACLU-DE, nor was he at the time of the events in question.

concerns." She stated that Mr. Salaam had assured her that the event was just going to be music and vendors, not a rally.

24. Despite Mr. Salaam's assurances that the event was not a rally, Defendant Williams stated that she was going to "shut it down anyway." In any event, the label is irrelevant, and rallies are also entitled to First Amendment protection.

25. Defendants Wilmington and the WPD acquiesced in and encouraged the shutdown.

26. Ms. Williams then contacted Mr. Salaam stating that she had "lost some autonomy on this one." She stated that the event could only continue if Mr. Salaam agreed to some conditions, which intended to suppress the "Justice for All" messaging and related speech directed at policing in Wilmington. Specifically, Defendants imposed the following conditions: no discussion of police violence, no use of the slogan "Justice for All" in promoting the event, and no speeches, chanting, or signs.

27. Mr. Salaam did not agree to these conditions and the conditions constituted content-based restrictions in violation of Mr. Salaam's First Amendment rights.

28. By prohibiting Mr. Salaam from engaging in protected speech and association at a public forum in Wilmington, Defendants injured Mr. Salaam, who was thereby denied First Amendment rights to speech and association in the Positive Vibes in the Park public program.

29. After WPD was informed that the event would no longer be hosted in the City, various officers continued to monitor social media about the event and sought to ensure that the event did not take place.

30. WPD's continued monitoring of the event was for the purposes of preemptively chilling speech, in violation of the First Amendment.

## CLAIMS FOR RELIEF

### Count I - Violations of the First Amendment and 42 U.S.C. § 1983

31. Plaintiff incorporates by reference the allegations of Paragraphs 1-30 of this Complaint.

32. The actions of Defendants relating to the Positive Vibes in the Park event violated Mr. Salaam's rights under the First and Fourteenth Amendments to the United States Constitution to freedom of speech and association in public fora. The violations of Mr. Salaam's rights under the First and Fourteenth Amendments to the United States Constitution were directly and proximately caused by the actions and/or inactions of the defendants.

## RELIEF REQUESTED

WHEREFORE, Plaintiff requests that this Court:

    (1)    Issue a permanent injunction barring Defendants from enforcing content-based conditions on Plaintiff's use of the UAE or other Wilmington public fora;

(2)    Declare the City's content-based restrictions unconstitutional as

applied to Mr. Salaam's right to free speech;

(3)    Award Plaintiff attorney's fees and costs; and

(4)    Grant any additional relief to which Plaintiff may be entitled.

Date: December 2, 2024                    Respectfully submitted,


/s/ Dwayne J. Bensing                     /s/ David Rudovsky
Dwayne J. Bensing, Esq. (#6754)           David Rudovsky, Esq.*
ACLU-DELAWARE                             *pro hac vice forthcoming
100 W. 10th Street, Suite #706            KAIRYS RUDOVSKY MESSING
Wilmington, DE 19801                      FEINBERG & LIN, LLP
dbensing@aclu-de.org                      The Cast Iron Building
(302) 295-2113                            718 Arch Street, Suite 501 South
                                          Philadelphia, PA 19106
                                          drudovsky@krlawphila.com
                                          (215) 925-4400

**Attorneys for Plaintiff**