IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HANEEF SALAAM, | } |
| | } |
| Plaintiff, | } C.A. No.: 1:24-cv-01303-GBW |
| | } |
| v. | } |
| | } |
| CITY OF WILIMINGTON, CITYFEST, | } |
| INC., TINA BETZ, LATTISHA | } |
| WILLIAMS, and WILFREDO CAMPOS. | } |
| | } |
| Defendants. | } |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

/s/ Dwayne J. Bensing
Dwayne J. Bensing (#6754)
ACLU-DELAWARE
100 W. 10th Street #706
Wilmington, DE 19801
dbensing@aclu-de.org
(302) 295-2113

/s/ David Rudovsky
David Rudovsky*
***pro hac vice***
KAIRYS RUDOVSKY MESSING
FEINBERG & LIN, LLP
The Cast Iron Building
718 Arch Street, Suite 501 South
Philadelphia, PA 19106
drudovsky@krlawphila.com
(215) 925-4400

*Attorneys for Plaintiff*

**TABLE OF CONTENTS**

**INTRODUCTION** .................................................................................................................... 1

**FACTS AS PLEADED IN THE COMPLAINT** ...................................................................... 1

**LEGAL STANDARD** ............................................................................................................... 2

**ARGUMENT** ............................................................................................................................. 3

    I.    **THE COMPLAINT PLAUSIBLY ALLEGES § 1983 CLAIMS AGAINST THE CITY OF WILMINGTON AND CITYFEST** ............................................................................. 3

        A.    *The Complaint Alleges that Defendant Betz, a Final Policymaker for the City, Acquiesced in and Approved of Defendant Williams's Shutdown of the Protest*...................... 3

        B.    *The Defendants Fail to Respond to Plaintiff's Claims for Equitable Relief* ................... 4

        C.    *Plaintiff Has Alleged Facts Sufficient to Show Defendant Campos's Liability in his Official Capacity* ................................................................................................................. 5

    II.    **THE COMPLAINT ALLEGES FACTS SUFFICIENT TO SHOW A VIOLATION OF THE FIRST AMENDMENT** .............................................................................................................. 5

    III.    **DEFENDANTS ARE NOT ENTITLED TO QUALIFIED IMMUNITY** ........................................... 8

**CONCLUSION** .......................................................................................................................... 9

# **TABLE OF AUTHORITIES**

**Cases**

*Atkins v. City of Reading*, Civil No. 5:23-cv-02732-JMG,
 2024 WL 3569188 (E.D. Pa. July 29, 2024) ................................................................................ 9

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ................................................................... 2

*Brennan v. Norton*, 350 F.3d 399 (3d Cir. 2003) ...................................................................... 3, 4

*Child. First Found., Inc. v. Legreide*, 373 Fed. App'x 156 (3d Cir. 2010) ................................ 6, 7

*Christ's Bride's Ministries, Inc. v. SEPTA*, 148 F.3d 242 (3d Cir. 1998) ................................... 6, 7

*Cinevision Corp. v. City of Burbank*, 745 F.2d 560 (9th Cir. 1984) .............................................. 9

*City of St. Louis v. Praprotnik*, 485 U.S. 112 (1988) .................................................................... 3

*Connolly v. Lane Constr. Corp.*, 809 F.3d 780 (3d Cir. 2016) ...................................................... 2

*Cornelius v. NAACP Legal Def. & Educ. Fund, Inc.*, 473 U.S. 788 (1985) .................................. 6

*Dennis v. City of Philadelphia*, 19 F.4th 279 (3d Cir. 2021) ........................................................ 9

*E. D. v. Sharkey*, 928 F.3d 299 (3d Cir. 2019) .............................................................................. 8

*Hague v. CIO*, 307 U.S. 496 (1939) .............................................................................................. 6

*Halsey v. Pfeiffer*, 750 F.3d 273 (3d Cir. 2014) ............................................................................ 8

*Harlow v. Fitzgerald*, 457 U.S. 800 (1982) .................................................................................. 8

*Higgins v. Bayada Home Health Care Inc.*, 62 F.4th 755 (3d Cir. 2023) ..................................... 8

*Hill v. Borough of Kutztown*, 455 F.3d 225 (3d Cir. 2006) ...................................................... 3, 4

*Hope v. Pelzer*, 536 U.S. 730 (2002) ............................................................................................ 8

*Jarrad v. Sheriff of Polk Cnty.*, 115 F.4th 1306 (11th Cir. 2024) .............................................. 6, 9

*Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478 (3d Cir. 2019) ................. 5

*Jutrowski v. Twp. of Riverdale*, 904 F.3d 280 (3d Cir. 2018) ....................................................... 5

*Lutz v. Portfolio Recovery Assocs., LLC*, 49 F.4th 323 (3d Cir. 2022) ......................................... 2

*McCrone v. Acme Markets*, 561 F. App'x 169 (3d Cir. 2014) ...................................................... 2

*Monell v. NYC Dep't of Soc. Servs.*, 436 U.S. 658 (1978) ........................................................ 3, 4

*Ne. Pa. Freethought Soc'y v. Cnty. of Lackawanna Transit Sys.*, 938 F.3d 424 (3d Cir. 2019) ...... 6

*Pembaur v. City of Cincinnati*, 475 U.S. 469 (1986) .................................................................... 3

*Pinnavaia ex rel. v. Celotex Asbestos Settlement Tr.*, 271 F. Supp. 3d 705 (D. Del. 2017) ............ 8

*Shurtleff v. City of Boston, Mass.*, 596 U.S. 243 (2022) ............................................................... 8

*Siders v. City of Brandon, Miss.*, 123 F.4th 293 (5th Cir. 2024) ................................................... 9

*Sons of Confederate Veterans, Va. Div. v. City of Lexington, Va.*,
 722 F.3d 224 (4th Cir. 2013) .................................................................................... 7, 8

*Taylor v. Riojas*, 592 U.S. 7 (2020) ................................................................................ 8

*Tigo Energy Inc. v. SMA Solar Tech. Am. LLC*,
 C.A. No. 22-915-GBW, 2024 WL 964203 (D. Del. Mar. 5, 2024) ............................ 2

*United States v. Pelullo*, 399 F.3d 197 (3d Cir. 2005) .................................................... 5

*Uzuegbunam v. Preczewski*, 592 U.S. 279 (2021) ......................................................... 4

*Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989) ................................................ 5

**Rules**

Fed. R. Civ. P. 12(g)(2) ................................................................................................... 4

Fed. R. Civ. P. 8(a)(2) ..................................................................................................... 2

## **INTRODUCTION**

Defendants' Motion to Dismiss (D.I. 6) ("MTD") should be denied as (1) it mischaracterizes the allegations in the Complaint ("Compl."), (2) Plaintiff has alleged facts that plausibly state Constitutional violations, and (3) it fails to address Plaintiff's claim for equitable relief.

## **FACTS AS PLEADED IN THE COMPLAINT**

Plaintiff Haneef Salaam is a storyteller, artist, and entrepreneur who is engaged in community organizing. Compl. ¶ 15. Plaintiff sought to hold events at the Urban Artist Exchange ("UAE"), an amphitheater and public forum in the Defendant City of Wilmington ("Wilmington" or "the City") located in a public park. Compl. ¶ 16.[1] The UAE hosts a series of events run by CityFest, Inc. ("CityFest"), a 501(c)(3) nonprofit organization staffed by the City's Mayor's Office of Cultural Affairs ("MOCA"). Compl. ¶ 8.

In January 2024, Defendant Lattisha Williams, the Program Assistant of MOCA, gave final approval to all of Plaintiff's proposed events at the UAE, including the August 2024 event. Compl. ¶ 9, 17. When Wilmington Police Department ("WPD") officers learned that the August 2024 event was labeled "Justice for All" and included speeches about police violence, they labeled the event a "rally," and contacted MOCA. Compl. ¶ 20-22. Two days before the event was scheduled to take place, Defendant Williams, then "uneasy" about the event as described by the WPD, contacted Plaintiff to seek additional information. Compl. ¶ 23. Plaintiff informed Defendant Williams that the event consisted of music and vendors, similar to prior CityFest events, and that it was not a rally. Nevertheless, Defendant Williams decided to "shut it down anyway," unless Plaintiff agreed

---

[1] The area surrounding the UAE amphitheater is largely green space which by relevant characteristics and standards appears to be a public park.

1

to the following conditions: no discussion of police violence, no use of the slogan "Justice for All" in promoting the event, and no speeches, chanting, or signs. Compl. ¶ 24, 26. Plaintiff did not agree to these unconstitutional conditions and moved the event to a separate municipality. Compl. ¶ 5, 27. Defendant Tina Betz, the Director of MOCA, was aware of all developments and did not intervene. Compl. ¶ 21 n.5.

## **LEGAL STANDARD**

"To state a claim on which relief can be granted, a complaint must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Tigo Energy Inc. v. SMA Solar Tech. Am. LLC*, C.A. No. 22-915-GBW, 2024 WL 964203 at *3 (D. Del. Mar. 5, 2024) (quoting Fed. R. Civ. P. 8(a)(2)). "[D]etailed pleading is not generally required." *Connolly v. Lane Constr. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016). "[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). When a court evaluates the allegations in a complaint, it must "assum[e] their veracity, construing them in the light most favorable to the plaintiff, and drawing all reasonable inferences in the plaintiff's favor." *Lutz v. Portfolio Recovery Assocs., LLC*, 49 F.4th 323, 328 (3d Cir. 2022). In sum, this Court can only grant a motion to dismiss if "accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to [the] plaintiff, plaintiff is not entitled to relief." *McCrone v. Acme Markets*, 561 F. App'x 169, 172 (3d Cir. 2014).

## ARGUMENT

I. **The Complaint Plausibly Alleges § 1983 Claims Against the City of Wilmington and CityFest**

    A. <u>The Complaint Alleges that Defendant Betz, a Final Policymaker for the City, Acquiesced in and Approved of Defendant Williams's Shutdown of the Protest</u>

Defendants City of Wilmington and CityFest assert that they cannot be held liable for damages in this action because Plaintiff's injuries were not caused by an official policy or custom of the City. *See Monell v. NYC Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). However, as Defendants acknowledge, a single unconstitutional action can establish municipal liability when that action is performed by a decisionmaker who possesses "final authority to establish municipal policy with respect to the action ordered." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480-81 (1986). Defendant Betz was a decisionmaker with final authority to establish municipal policy with respect to events at the UAE, and she approved the actions taken by her subordinate, Defendant Williams.

To properly allege that a person is a final policymaker for a municipality, the complaint must contain facts sufficient to plausibly show that "(1) as a matter of state law, the official is responsible for making policy *in the particular area* of the municipal business in question . . . and (2) the official's authority to make policy in that area is *final and unreviewable*." *Hill v. Borough of Kutztown*, 455 F.3d 225, 245 (3d Cir. 2006) (emphasis in original). Municipal liability can also exist when a final policymaker approves a subordinate's decision. *Brennan v. Norton*, 350 F.3d 399, 427 (3d Cir. 2003) (citing *City of St. Louis v. Praprotnik*, 485 U.S. 112, 117 (1988)).

Plaintiff has alleged that CityFest is operated by MOCA. Compl. ¶ 8. Defendant Williams and Defendant Betz staff this office and manage the operations of the UAE. Compl. ¶ 9-10. Defendant Williams was the party responsible for approving Plaintiff's events, Compl. ¶ 17, and

3

had unilateral authority and organizational autonomy to impose conditions or cancel the event if the organizer did not comply. Compl. ¶ 24, 26.

MOCA has final policymaking authority over "the particular area of municipal business in question" *Hill*, 455 F.3d at 245. Accordingly, Plaintiff has plausibly alleged that MOCA has final authority over all programming of the UAE and the Positive Vibes events.

Defendant Betz is the director of the office. Compl. ¶ 10. Defendant Williams's actions were subject to review by Defendant Betz, and therefore Defendant Williams is not a final policymaker. However, because Defendant Betz was directly aware of and involved in the communications concerning Defendant Williams shutting down Plaintiff's event, and she acquiesced in Defendant Williams doing so, Compl. ¶ 21 n.5,[2] Defendant Betz approved of her subordinate's decision, which is sufficient to establish municipal liability. *Brennan*, 350 F.3d at 427.

### B. The Defendants Fail to Respond to Plaintiff's Claims for Equitable Relief

Defendants Wilmington and CityFest's argument for dismissal relies on *Monell* and its progeny. *See* MTD, at 4-11. However, that doctrine applies only to claims for money damages, and does not bar equitable relief. *Monell*, 436 U.S. at 661-62; *Uzuegbunam v. Preczewski*, 592 U.S. 279, 293 (2021).

Defendants City of Wilmington and CityFest make no arguments for dismissing the equitable claims against them, and, therefore have waived this issue for purposes of the Motion to Dismiss. Fed. R. Civ. P. 12(g)(2) (prohibiting defendants from filing new Rule 12(b) motions when they failed to raise an available argument in their original Rule 12(b) motion); *United States v.*

---

[2] If the Court rules that this allegation has not been plead with sufficient particularity to meet Rule 12 standards, he requests leave to Amend the Complaint.

*Pelullo*, 399 F.3d 197, 222 (3d Cir. 2005) ("It is well settled that [a party's] failure to identify or argue an issue in his opening brief constitutes waiver of that issue."). Further, as the Complaint alleges facts sufficient to show a violation of the First Amendment, Plaintiff's claims for equitable relief against Defendants Wilmington and CityFest are actionable. *See* Section III, *infra*.

      C. <u>Plaintiff Has Alleged Facts Sufficient to Show Defendant Campos's Liability in his Official Capacity</u>

Defendant Campos argues that the claim against him should be dismissed for lack of personal involvement in the events which resulted in the alleged violation of Plaintiff's First Amendment rights. However, while personal involvement is required to sue a person under § 1983 in his *individual* capacity, *Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 289 (3d Cir. 2018), the claim against Defendant Campos is in his *official* capacity only. Compl. ¶ 11.

By suing Defendant Campos in his official capacity as Chief of Police, Plaintiff is pleading an action against the City of Wilmington and he need not allege personal involvement or individual liability. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (internal citations omitted); *see also Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 482-83 (3d Cir. 2019) (analyzing claims against state officials in their individual capacity based on personal involvement while simultaneously analyzing claims against the same officials in their official capacities under a separate immunity doctrine). Plaintiff's factual allegations document the City's involvement by the official conduct of the WPD in the First Amendment violation. Compl. ¶ 21-22, 29. Therefore, the Claims against Defendant Campos in his official capacity should not be dismissed.

    **II.**   **The Complaint Alleges Facts Sufficient to Show a Violation of the First Amendment**

The Complaint alleges that the Defendants imposed content-based restrictions on Plaintiff with respect to his speech at a public park, which is a traditional public forum, and an amphitheater

which is a designated or limited public forum.[3] The degree to which a government can regulate speech depends on the type of forum in which the speech is located. *Cornelius v. NAACP Legal Def. & Educ. Fund, Inc.*, 473 U.S. 788, 802 (1985). Forums are typically divided into four categories: traditional public forums, designated public forums, limited public forums, and nonpublic forums. *Id.* Traditional public forums are places that have, by history and tradition, been devoted to assembly or public debate. *Id.* A designated public forum is created when the government opens a space for use by the public at large. *Id.* A space becomes a designated public forum when the government intends by policy and practice to not restrict speech in that space. *Id.* A limited public forum is created when the government opens a forum to some expression but only certain kinds of expression. *Christ's Bride's Ministries, Inc. v. SEPTA*, 148 F.3d 242, 249 (3d Cir. 1998).

Plaintiff alleged that the UAE is a city-owned property located in a public park. Compl. ¶ 2, 16. A public park is the quintessential traditional public forum. *Cornelius*, 473 U.S. at 802 (citing *Hague v. CIO*, 307 U.S. 496, 515, 59 (1939)). At the motion to dismiss stage, the Court must accept Plaintiff's allegation that his speech was planned to take place in a public park, a traditional public forum, as true. *Child. First Found., Inc. v. Legreide*, 373 Fed. App'x 156, 160 (3d Cir. 2010). Regardless of the nature of the UAE *amphitheater*, Plaintiff also alleged that the Defendants placed

---

[3] In addition, Plaintiff alleged facts demonstrating that Defendants engaged in viewpoint-based discrimination. The WPD monitored the event based on the viewpoint of groups that were allegedly associated with the event and circulating information about the event. Compl. ¶ 21. Viewpoint discrimination is impermissible in any forum, and courts need not conduct any forum analysis when viewpoint-based discrimination is alleged. *Ne. Pa. Freethought Soc'y v. Cnty. of Lackawanna Transit Sys.*, 938 F.3d 424, 436 (3d Cir. 2019) (internal citations omitted); *Jarrad v. Sheriff of Polk Cnty.*, 115 F.4th 1306, 1318-19 (11th Cir. 2024) (internal citations omitted). Therefore, Plaintiff's viewpoint-based claims can proceed regardless of the forum analysis conducted for his conduct-based claims.

content-based restrictions on him across the whole public park, not just the amphitheater, and the entirety of the City for that matter. Compl. ¶ 28-30. To avoid the content-based restrictions, Plaintiff had to move his event to an entirely separate municipality. Compl. ¶ 5. Accepting these allegations as true, as the Court must, Plaintiff has plausibly alleged that content-based restrictions were placed on him in a traditional public forum.

Furthermore, Plaintiff alleged facts which plausibly show that the UAE amphitheater is a designated, or at least a limited, public forum. All types of government spaces can become designated public forums. *See SEPTA*, 148 F.3d at 250 (finding that advertisement spaces in a subway station had become a designated public forum). All that matters is the government's intent to create a designated (or limited) public forum for some speech. *Id.* at 248. To determine the government's intent, courts must perform a comprehensive analysis of the government's policies and practices when it comes to the forum in question. *Id.* at 249-255.

A final and comprehensive analysis of policies and practices is not appropriate at the motion to dismiss stage. *See Sons of Confederate Veterans, Va. Div. v. City of Lexington, Va.*, 722 F.3d 224, 230 (4th Cir. 2013) (utilizing a deferential standard of review when analyzing allegations of a designated public forum at the motion to dismiss stage). This Court must treat all factual allegations as true and draw all reasonable inferences in the Plaintiff's favor. *Legreide*, 373 Fed. App'x at 160. Plaintiff has factually alleged that the UAE amphitheater is a space that the City has intentionally opened to at least some areas of speech. Compl. ¶ 2, 17-18. Plaintiff has alleged that his planned speech was within the confines of speech protected at the UAE amphitheater. Compl. ¶ 3, 15, 23-24.

In sum, Plaintiff has plausibly alleged that content-based restrictions were placed on his speech in a designated or limited public forum where his type of speech was ordinarily allowed.

7

Plaintiff is entitled to offer evidence to support his claims. *Pinnavaia ex rel. v. Celotex Asbestos Settlement Tr.*, 271 F. Supp. 3d 705, 708 (D. Del. 2017). Comprehensive analysis of the policies and practices of speech at the UAE cannot be performed at this stage of the litigation. *Sons of Confederate Veterans*, 722 F.3d at 230. Defendants' assertion that Plaintiff's proposed speech "fell outside the class of expressive uses for which the UAE was intended," MTD at 19, must await summary judgment.[4]

### III. Defendants are Not Entitled to Qualified Immunity

Defendants are not entitled to qualified immunity as their conduct in imposing content-based restrictions on speech in a public forum violated clearly established law. While qualified immunity can shield government officials from lawsuits seeking damages, the defense is not available if the official has violated a clearly established constitutional right. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Further, the law may be clearly established even if there is no previous "fundamentally similar" case. *Hope v. Pelzer*, 536 U.S. 730, 741 (2002) ("[O]fficials can still be on notice that their conduct violates established law even in novel factual circumstances"); *Taylor v. Riojas*, 592 U.S. 7, 8-9 (2020) (per curiam) (identifying that there are cases where constitutional violations are obvious to any reasonable officer even without an exact factual match); *Halsey v. Pfeiffer*, 750 F.3d 273, 295 (3d Cir. 2014) (agreeing that "analogous precedent" is enough to meet the standard); *E. D. v. Sharkey*, 928 F.3d 299, 308 (3d Cir. 2019) (finding that when conduct is

---

[4] In a footnote, Defendants state that their position is that programming at the UAE is government speech. MTD at 17 n.7. That argument is not properly before this Court on this motion. *Higgins v. Bayada Home Health Care Inc.*, 62 F.4th 755, 763 (3d Cir. 2023) ("[A]rguments raised in passing (such as, in a footnote), but not squarely argued are considered forfeited") (internal quotation omitted)). Regardless, when a government forum regularly opens itself to citizen speakers without a policy or history of constraints, speech at that forum does not constitute government speech. *Shurtleff v. City of Boston, Mass.*, 596 U.S. 243, 257-58 (2022).

8

clearly illegal, no materially similar case is required); *Dennis v. City of Philadelphia*, 19 F.4th 279, 290 (3d Cir. 2021) (identifying that "general statements of the law" can sometimes be enough to give fair and clear warning).

Defendants' argument for qualified immunity rests on the flawed notion that imposing content-based restrictions on an event that they believed to be a "rally" at the UAE amphitheater would not violate Plaintiff's clearly established First Amendment rights. MTD at 19. To the contrary, it is clearly established law that placing viewpoint and content-based restrictions on a traditional, designated, or even limited public forum may violate a person's First Amendment rights. *See, e.g.*, *Atkins v. City of Reading*, Civil No. 5:23-cv-02732-JMG, 2024 WL 3569188 at *9 (E.D. Pa. July 29, 2024) (holding that it is clearly established law that denying speech in a public forum violates the First Amendment and that any reasonable official should know that fact); *Jarrad*, 115 F.4th at 1324-25 (stating that viewpoint-based discrimination is an obvious First Amendment violation that does not require a specific factual analogue); *Cinevision Corp. v. City of Burbank*, 745 F.2d 560, 569-71 (9th Cir. 1984) (finding that the city had turned a concert venue into a designated public forum); *Siders v. City of Brandon, Miss.*, 123 F.4th 293, 303 (5th Cir. 2024) (holding that regardless of the status of an amphitheater itself, the sidewalks surrounding it were traditional public forums). It is beyond doubt that placing content-based restrictions on a person in a public park or city violates clearly established First Amendment law. The Defendants are not entitled to qualified immunity.

## **CONCLUSION**

Plaintiff has alleged facts demonstrating that he is entitled to relief against all Defendants on his First Amendment claim. Further, Defendants do not move to dismiss any of Plaintiff's claims for equitable relief and have thereby waived dismissal of those claims. The Motion to

Dismiss should be denied. To the extent that this Court would rule that any of the claims in the Complaint are not factually supported, Plaintiff requests leave to amend the Complaint.

| | |
|---|---|
| */s/ Dwayne J. Bensing* <br> Dwayne J. Bensing (#6754) <br> ACLU-DELAWARE <br> 100 W. 10th Street #706 <br> Wilmington, DE 19801 <br> dbensing@aclu-de.org <br> (302) 295-2113 | */s/ David Rudovsky* <br> David Rudovsky* <br> ***pro hac vice*** <br> KAIRYS RUDOVSKY MESSING FEINBERG & LIN, LLP <br> The Cast Iron Building <br> 718 Arch Street, Suite 501 South <br> Philadelphia, PA 19106 <br> drudovsky@krlawphila.com <br> (215) 925-4400 |

***Attorneys for Plaintiff***

Dated: February 25, 2025