IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **HANEEF SALAAM,** } | |
| } | |
| **Plaintiff,** } | C.A. No.: 1:24-cv-01303-GBW |
| } | |
| v. } | |
| } | |
| **CITY OF WILIMINGTON, CITYFEST,** } | |
| **INC., TINA BETZ, LATTISHA** } | |
| **WILLIAMS, and WILFREDO CAMPOS.**} | |
| } | |
| **Defendants.** } | |

## PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO FILE A SUR-REPLY BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

Plaintiff filed for leave to file a sur-reply brief alleging that Defendants had raised new legal arguments and new facts in their Reply Brief. (D.I. 15). Defendants dispute that they raised a new legal argument. Defendants state that they raised the standard requiring identification of a final policymaker via state law in their Opening Brief. (D.I. 16, pg. 3-4). But that argument misses the larger point that Plaintiff made in bringing the motion. Defendants raised a new legal argument for the first time in their Reply Brief that Plaintiff needed to identify the applicable state law *on the face of his complaint*. (D.I. 14, pg. 3). That is a new and distinct legal argument from the argument made in Defendants' Opening Brief - that the final policymaker issue relies on state law. Therefore, Plaintiff should be permitted to file the proposed sur-reply brief.

As for the "new facts," Defendants are mistaken as well. They argue that Plaintiff asserts facts in his Answering Brief that were not presented in his Complaint. (D.I. 14 pg. 2-3). But in their opposition to Plaintiff's motion to sur-reply, Defendants claim that some of the "new facts" discussed were contained in Plaintiff's Complaint. (D.I. 16, pg. 6-7). Defendants cannot have it both ways.

Finally, although Plaintiff attached a proposed brief to his motion, he did not attempt to argue the merits of the case in the motion itself. By contrast, Defendants' opposition largely repeats arguments pertaining to the merits of the case. This motion is not the proper venue for arguing the merits of the case. In any event, Plaintiff submits that his Complaint states a cause of action under *Monell*, but if the Court rejects that argument, he requests leave to amend his complaint.

## CONCLUSION

For the forgoing reasons and those previously argued, Plaintiff requests leave to file the proposed sur-reply brief attached to his prior motion.

Dated: May 6, 2025

*/s/ Dwayne J. Bensing*
Dwayne J. Bensing (#6754)
ACLU-DELAWARE
100 W. 10th Street #706
Wilmington, DE 19801
dbensing@aclu-de.org
(302) 295-2113

*/s/ David Rudovsky*
David Rudovsky*
***pro hac vice***
KAIRYS RUDOVSKY MESSING
FEINBERG & LIN, LLP
The Cast Iron Building
718 Arch Street, Suite 501 South
Philadelphia, PA 19106
drudovsky@krlawphila.com
(215) 925-4400

***Attorneys for Plaintiff***